# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

LYNDA SATZ,

    Plaintiff,

v.

ONCOLOGY & HEMATOLOGY ASSOCIATES OF
WEST BROWARD, P.A., a Florida Profit Corporation

    Defendant.

_____/

## COMPLAINT

Plaintiff, LYNDA SATZ (hereinafter, "SATZ" or "Plaintiff"), by and through her undersigned attorney, hereby files her Complaint against Defendant, ONCOLOGY & HEMATOLOGY ASSOCIATES OF WEST BROWARD, P.A. (hereinafter, "OHAWB" or "Defendant"), a Florida profit corporation, and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Tamarac, Broward County, Florida.

## PARTIES

5. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*.

6. Plaintiff is in a class protected under the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her returning to work to light duty on September 25, 2018.

7. Defendant is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Tamarac, Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Specifically, Plaintiff worked in Tamarac, Florida and all actions complained of herein took place at that location and within the Southern District of Florida.

8. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it included a FMLA provision in its Employee Manual, despite that it only employed 40 employees in 20 or more workweeks in the current or preceding calendar year during the relevant time period. (Employee Manual attached hereto as Exhibit A).

## GENERAL ALLEGATIONS

9. Plaintiff had been working for OHAWB for eighteen (18) years until her termination on September 28, 2018.

10. Plaintiff was employed as a referral coordinator at the time of her termination.

11. Plaintiff began suffering from medical conditions related to her knees in approximately May 2018.

12. Plaintiff always timely informed Defendant of her medical conditions, and occasionally requested time off to take care of her personal medical conditions.

13. Plaintiff suffered from hearing loss in one ear in July, 2018, and requested some time off for examination and treatment.

14. Plaintiff requested and took time off on July 16, July 19, July 31, and August 7, of 2018.

15. On or about September 21, 2018, Plaintiff had a surgery for meniscus tears, for which she provided timely notice in conformance with Defendant's policies, and for which approval had been granted.

16. Plaintiff's treating physician cleared her to return to work with a light duty restriction beginning on September 25, 2018.

17. Upon return to work on light duty, Plaintiff fully informed Defendant of her work restrictions and her need for time off to receive physical therapy.

18. Specifically, Plaintiff requested time off to leave early on September 25, September 26, and September 27 for physical therapy.

19. Plaintiff received a warning for taking excessive time off on September 25, 2018, the same day when she returned to work from knee surgery.

20. Plaintiff was terminated on September 28, 2018, three days after she returned to work from surgery.

21. Defendant does not have a business necessity for terminating Plaintiff. Further, Defendant interfered with Plaintiff's exercise of her FMLA rights, by failing to provide her with notice designating her requested time off as qualified FMLA leave.

22. As a result of Defendant's actions, Plaintiff has had to retain the undersigned and is therefore entitled to fees if she is the prevailing party.

23. Plaintiff has incurred damages as a result of Defendant's illegal activities, including lost pay.

## COUNT I: VIOLATION OF THE FMLA
## (INTERFERENCE)

24. Plaintiff re-alleges and re-avers paragraphs 1–23 as fully set forth herein.

25. Plaintiff was eligible for FMLA leave for to care for her own serious medical condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

26. Plaintiff requested time off for her medical conditions, including examination and treatment for her auditory issues in July and August, and the knee surgery on September 21, 2018. All the requests were approved.

27. On September 25, 2018, Plaintiff returned to work with restrictions. She also requested further time off in the following days for physical therapy.

28. Plaintiff kept Defendant informed and involved since she started to suffer from her medical conditions in May 2018.

29. On the same day when Plaintiff returned to work, she received a warning for taking excessive time off.

30. Defendant had an FMLA provision in its Employee Handbook, but failed to notify Plaintiff that her requests for leave could be designated as FMLA leave and the amount of time that would count against her FMLA leave entitlement. A copy of the handbook provision is attached hereto as Exhibit "A".

31. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to her position.

32. Though Defendant's Administrator, Margie L. Murillo ("Murillo"), was well aware of Plaintiff's request for leave for her serious health conditions, Murillo never provided with Plaintiff with any notice about her FMLA entitlement, but instead decided to terminate her for taking excessive time off.

33. As a direct result of her termination, Plaintiff has suffered lost wages.

34. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

35. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

36. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

37. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff LYNDA SATZ requests judgment for:

   a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

   b. Interest on the amount found due;

   c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

   e. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff LYNDA SATZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 30, 2018.

                                      **LAW OFFICES OF CHARLES EISS, P.L.**
                                      Attorneys for Plaintiff
                                      7951 SW 6th Street, Suite 308
                                      Plantation, Florida 33324
                                      (954) 914-7890 (Telephone)
                                      (855) 423-5298 (Facsimile)

By:    /s/ Charles Eiss
          CHARLES M. EISS, Esq.
          Fla. Bar #612073
          Chuck@icelawfirm.com